United States District Court
Southern District of Texas
**ENTERED**
November 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN BRADY, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02915 |
| PROGRESSIVE INSURANCE, *et al*, | § § § | |
| *Defendants.* | § § § | |

## ORDER

Pending before the Court is Defendants Progressive Insurance ("Progressive") and Tyler Mata's ("Mata") (collectively "Defendants") Motion to Dismiss. (Doc. No. 5). Plaintiff Kevin Brady ("Brady") filed a Response. (Doc. No. 6). Brady later filed an additional Response (Doc. No. 13). The Court hereby **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

This case stems from a car accident between Brady and a non-party, Suhaila Serda ("Serda"). Brady alleges that he requested a settlement from Progressive, Serda's insurance provider. He claims that Progressive refused to pay him a sufficient amount for the property damage to his vehicle. Plaintiff further alleges that Mata, a claims adjuster for Progressive, submitted a false statement that indicated that his truck was a "total loss." (Doc. No. 1 at 2). Brady subsequently filed this action against Progressive and Mata. He calculates his damages as the amount of the necessary repairs ($8,221.22), multiplied by three (for a total of $24,663.66), and multiplied again by three for pain and suffering (for a total of $73,990.98). (*Id.* at 1).

Defendants move to dismiss the action pursuant to Rule 12(b)(1), arguing that this Court has no federal question or diversity jurisdiction. Fed. R. Civ. P. 12(b)(1). (Doc. No. 5). Defendants also argue that Brady has failed to state a case or controversy under Article III of the United States Constitution. (*Id.*). Finally, Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). (*Id.*).

Federal courts "have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Subject matter jurisdiction comes in two forms. First, a federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and diversity of citizenship exists between the parties. *Id.* § 1332. None of Brady's claims arise under federal law. The Court must therefore consider whether the Court has diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, such that no plaintiff can be from the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citations omitted). Here, Defendants allege that Brady is a Texas resident. Defendants further allege that Mata is a Texas resident, and that Progressive is a Texas-based company and has its principal place of business in Texas. Brady does not dispute Defendants' characterization of the citizenship of the

parties. Therefore, the Court finds that citizenship between the plaintiff and the defendants in this case is not diverse.[1]

Accordingly, the Court must dismiss this case for lack of subject matter jurisdiction and need not address Defendants' arguments regarding Article III standing. Since the Court has determined that it lacks subject matter jurisdiction, the Court also must refrain from addressing Defendants' Motion to Dismiss under Rule 12(b)(6). *See id.* at 161.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (Doc. No. 5). This Court's determination that it lacks subject matter jurisdiction does not preclude Brady from filing his case in the appropriate state court if he chooses to do so.

Signed at Houston, Texas, on this the 17th day of November, 2023.

Andrew S. Hanen
United States District Judge

---

[1] According to Brady's original Complaint, the total amount of controversy is $73,990.98, which would not meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. In his Response, he attempts to raise the total damages amount to $123,318.30. (Doc. No. 6). Even if the Court were to construe Brady's Response as a motion to amend the pleadings and accept his updated damages calculation, Brady has not shown diversity of citizenship among the parties and therefore has not shown that this Court has diversity jurisdiction.